**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

STACY SIMMS,

    Petitioner, ex parte,

v.                                     No. CV 10-1049 BB/LFG

STATE OF NEW MEXICO,

    Respondent.

<u>ORDER</u>

This matter is before the Court on Petitioner's Objections And Appeal To The Denial Of Ex Parte Motion To Compel Discovery And Funding For An Investigator (Doc. 6) (the "objections/appeal"). Petitioner asks "the district court" to reverse the order (Doc. 5) entered on April 20, 2011. For the reasons set out below, the Court will deny Petitioner's objections/appeal.

This case was entered on the docket as a habeas corpus proceeding, even though Petitioner has not yet filed a petition for the writ. Instead, Petitioner filed his Ex Parte Motion (Doc. 1) asking the Court to appoint an investigator and compel discovery in order to establish his claims in support of habeas corpus relief before filing a petition. On November 23, 2010, the Court entered an Order under 28 U.S.C. § 636(b)(1)(B), (b)(3) referring this case to the assigned Magistrate Judge "to recommend to the Court an ultimate disposition of the case." *See* § 636(b)(1)(B) (authorizing designation of magistrate judges to recommend disposition of "applications for postrial relief made by individuals convicted of criminal offenses."). On April 20, 2011, the Magistrate Judge denied Petitioner's Ex Parte Motion, and Petitioner filed his objections/appeal.

Petitioner may not appeal or seek review of the April 20 order until a final order is entered in this proceeding.

> [I]n a proceeding referred to a magistrate judge under § 636(b)(1)(B) for a report and recommendation, an immediate, interlocutory appeal does not lie to the district judge from an interim discovery ruling made in that proceeding, as if the discovery motion had been separately referred under § 636(b)(1)(A). Such interlocutory reviews would frustrate the purpose of reference of the entire matter to a magistrate judge for report and recommendation.
>
> If discovery orders in such proceedings were subject to interlocutory review by the district court, other interlocutory rulings, such as the grant or denial of a motion to amend a pleading or for a more definite statement, denials of motions to dismiss or for summary judgment and the grant or denial of a motion for a continuance, all would be subject to interlocutory review by the district judge. Especially in light of the Supreme Court's recent, broad reading of the Magistrates Act in *McCarthy v. Bronson*, 500 U.S. 136 (1991), the court concludes that such micro-oversight of § 636(b)(1)(B) proceedings was not intended by Congress. It is sufficient and in keeping with the purpose of the Act that all interim rulings of the magistrate judge are subject to review when he or she files the proposed findings and recommendations.

*Magee v. Rowland*, 764 F. Supp. 1375, 1376-77 (C.D. Cal. 1991). Under the reasoning in *Magee*, the Court will deny Petitioner's objections/appeal. This discovery matter may be given further consideration under 28 U.S.C. § 2254 R.6 if Petitioner files a habeas corpus petition. The Court will set a new deadline for Petitioner to file an initiating petition, and failure to comply with this order may result in dismissal of this proceeding without further notice.

IT IS THEREFORE ORDERED that Petitioner's Objections And Appeal To The Denial Of Ex Parte Motion To Compel Discovery And Funding For An Investigator (Doc. 6) is DENIED;

IT IS FURTHER ORDERED that, within thirty (30) days from entry of this order, Petitioner may file a petition for writ of habeas corpus in this proceeding.

/s/ Bruce D. Black
UNITED STATES DISTRICT JUDGE