IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STACY SIMMS,

        Petitioner,

v.                                            No. CIV 10-1049 BB/LFG

TIMOTHY HATCH, Warden,

        Respondent.

## MEMORANDUM OPINION AND ORDER APPOINTING COUNSEL AND SETTING EVIDENTIARY HEARING

THIS MATTER is before the Court on Respondent's motion to appoint counsel for Petitioner Stacy Simms ("Simms") [Doc. 32] and Simms' motion for an unspecified period of time to file a response brief [Doc. 47.] The Court denies Simms' request for extra time to file an additional brief based on its decision to appoint counsel and hold an evidentiary hearing on limited issues. (*See* discussion *infra*.) Appointed counsel for Simms can determine whether additional briefing, before an evidentiary hearing, is necessary.

After reviewing the pertinent law and original and supplemental briefing, with exhibits [including Doc. Nos. 33-35, 39-41, 43-46], the Court grants Respondent's motion to appoint counsel for Simms. Appointment of counsel is made for the limited purposes of conducting an evidentiary hearing specific to the issue of equitable tolling as it relates to whether or not an alleged letter from state habeas counsel, Sophie Cooper, to Simms, dated November 5, 2004, is authentic. In other words, the merits of Simms' habeas claims will not be addressed by appointed counsel nor will the merits be examined during the evidentiary hearing.

**Procedural History**

On February 6, 2012, the undersigned Magistrate Judge issued findings and recommendations [Doc. 25], concluding that Simms did not satisfy his burden of demonstrating that the doctrine of equitable tolling excused the untimely filing of his § 2254 habeas petition. The Court recommended dismissal of Simms' federal habeas petition due to untimeliness.

In the findings and recommendations, the Court observed that, in accordance with 28 U.S.C. § 2244(d)(2), Simms had one year from March 21, 2001, or until March 21, 2002, to file his federal habeas petition or other application for post-conviction relief. [Doc. 25, at ¶¶ 28-30.] On February 11, 2002, Simms filed a state habeas petition [Doc. 17, Ex. P], thereby tolling part of the one-year limitations period. Simms had 38 days left to bring his federal habeas petition once state habeas proceedings were final.

On September 15, 2004, the State Court denied Simms' state habeas petition. [Doc. 17, Ex. Q.] The period from February 11, 2002 to September 15, 2004 was tolled. The Court concluded that Simms had until November 22, 2004, to timely file his federal habeas petition. [Doc. 25, ¶ 31.]

Simms did not file the present federal habeas petition [Doc. 9] until May 16, 2011, approximately six and one-half years after his one-year limitations period expired. Thus, under a strict application of the limitations period, Simms' federal habeas petition is time-barred. However, Simms argued that equitable tolling should excuse his untimely filing.

The undersigned Magistrate Judge acknowledged well-established Tenth Circuit Court of Appeals precedent indicating that only rare and exceptional circumstances warrant tolling the AEDPA one-year limitations period. [Doc. 25, ¶ 37] (*citing* Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2002)). To justify application of equitable tolling, a litigant bears the burden of

demonstrating two elements: (1) diligent pursuit of his rights, and (2) extraordinary circumstance(s) that prevented him from timely filing his federal habeas petition. [Doc. 25, ¶ 37.] "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (internal citations omitted).

In the recommendations, the Court found that extraordinary circumstances might exist to justify equitable tolling. In so finding, the Court placed significant weight on a copy of a letter Simms provided allegedly from state habeas counsel, Sophie Cooper ("Attorney Cooper") to him, dated November 5, 2004. This is the letter that is to be addressed by appointed counsel for Simms at the evidentiary hearing. The alleged letter at issue pre-dated Simms' deadline to file his federal habeas petition and provided:

> In reading your concerns about the Court's order, I must tell you that the decision [State Habeas Dismissal Order] is not binding. The [state habeas] judge indicated that, in its discretion that he may redetermine his decision when we submit a motion for reconsideration.
>
> Presently, my caseload is very backlogged so unfortunately everything will take time. Your concerns about time constraints are understandable, but I assure you they are unwarranted. You can still file your federal habeas petition at the conclusion of this case if necessary.
>
> Currently, I am in contact with the judge and if something changes I will notify you. If you have concerns, please contact me by writing, I'm sorry but I am not available to take telephone calls, but I will respond as soon as possible.

[Doc. 24, Nov. 5, 2004 letter from Attorney Cooper to Simms.] The Court concluded that Attorney Cooper's alleged inaccurate or misleading written advice about time limits in filing a

federal habeas petition amounted to extraordinary circumstances that could justify equitable tolling, but that, even so, this finding gave Simms the benefit of the doubt. [Doc. 25, ¶¶ 51, 52.]

In analyzing both prongs of the equitable tolling doctrine, the Court concluded that while Simms may have encountered extraordinary circumstances, based on habeas counsel's November 2004 letter, Simms failed to demonstrate that he pursued his federal claims diligently when viewed against a delay of over six years in filing his federal habeas petition. Thus, equitable tolling would not excuse his untimely filing, and the Court recommended that Simms' federal habeas petition be dismissed, with prejudice, for untimeliness. [Doc. 25, ¶¶ 55-57, 60-65 and Recommended Disposition.]

On March 22, 2012, Simms filed objections with exhibits. [Doc. 30.] Based on its review of the response and exhibits, the Court could not confirm what efforts Simms may or may not have made to diligently pursue his rights. Thus, the Court directed Respondent to respond to the objections. [Doc. 31.]

On April 16, 2012, Respondent filed a partial response to the objections and a separate motion requesting that counsel be appointed to represent Simms. [Doc. Nos. 32, 33.] Although Respondent provided no affidavits concerning his arguments, he contended that Attorney Cooper, after being contacted, expressed "genuine concerns about the authenticity" of the November 5, 2004 letter. [Doc. 32, ¶ 10.] For that reason and because of the attorney-client relationship between Simms and Attorney Cooper, Respondent believed appointment of counsel was appropriate. [Id., at ¶ 11.]

The Court deferred ruling on Respondent's motion for appointment of counsel [Doc. 37] until briefing on the objections was complete. On May 17, 2012, Respondent filed a motion

requesting that the Court direct Simms to produce the original correspondence dated November 5, 2004, from Attorney Cooper to Simms. [Doc. 39.] The Court granted the Order. [Doc. 42.]

On June 11, 2012, Simms responded that he no longer had the original correspondence in question but argued that the copy of the letter produced to the Court was "authentic." [Doc. 44, at 2.] Simms contended that he lost the original letter when he was placed in segregation in March 2006, at which point "the property officer at LCCF took control of the legal property for placement in the inmate property storage." After multiple transfers to various facilities, Simms asserts that some of his legal property was not returned to him, including the original letter from Attorney Cooper. [Id.] He further claims, however, that he had a copy of the letter that he included in these habeas submissions.

On June 25, 2012, Respondent filed his supplemental brief, again setting out the underlying history of Simms' criminal convictions, that included convictions for criminal sexual penetration, kidnapping, aggravated burglary, and robbery, related to crimes against two separate women. [Doc. 46.] Respondent provided an affidavit from Attorney Cooper stating that she did not author the November 5, 2004 correspondence and discussed a number of irregularities in the letter.

For example, Attorney Cooper testified that she would not have addressed Torrance County Detention Center as "Torrance County Facility," as shown in the letter's address field. She also stated that she would not have advised a client that a decision of the court was not binding or that concerns about time limitations were unwarranted. Attorney Cooper further provided that she would not have stated she was in contact with a state judge. She noted that in holding up the November 5, 2004 letter against another letter provided by Simms (dated 9/23/04), the letterhead was identical but the margins were not. In addition, Attorney Cooper's

signature on both letters was an "exact duplicate."  Attorney Cooper alleges that Simms "made a copy of the correspondence I sent him on September 23, 2004, covering the actual content of that letter, and then used the blank letterhead and my signature to author the correspondence dated November 5, 2004."  [Doc. 46-1, Cooper Aff. at ¶¶ 11-13.]  If called to testify under oath, Attorney Cooper would testify in conformity with these assertions.

The Court also asked Respondent to provide supplemental information in the form of an affidavit from the Bernalillo County District Court concerning his argument that had Simms' "*pro se* pleadings been returned [as he claims] [from the State Court], correspondence would have been generated, with an explanation as to why the pleadings were not filed with the Court." [Doc. 33, ¶ 10.]  Respondent claimed, without affidavit testimony, that this would have been "standard procedure" in the Second Judicial District Court.  Yet, Respondent was unable to provide an affidavit to this effect.

The Court concludes that the parties have provided all pertinent information and evidence concerning Simms' position that he diligently pursued his federal rights during the stretch of years when he failed to file his federal habeas petition.  The Court seeks no additional argument or evidence concerning this prong of the equitable tolling doctrine.

## Discussion

Notwithstanding thorough supplemental briefing and exhibits, the Court is unable to determine whether or not Attorney Cooper's alleged November 5, 2004 letter to Simms is authentic.  Without an opportunity to assess witness credibility at an evidentiary hearing and consider any other pertinent matters not yet presented by the parties as to this single issue, the Court cannot decide if extraordinary circumstances interfered with Simms' ability to file a timely federal habeas petition in relation to equitable tolling.  Thus, notwithstanding Respondent's

objections to an evidentiary hearing, the Court will set this matter for an evidentiary hearing, limited to questions concerning the authenticity of Ms. Cooper's November 5, 2004 letter.

If a district court concludes that the petitioner was diligent in developing the factual basis of his claim, it may grant an evidentiary hearing as an exercise of discretion. Schriro v. Landrigan, 550 U.S. 465, 473 (2007) ("Prior to [AEDPA], the decision to grant an evidentiary hearing was generally left to the sound discretion of district courts. That basic rule has not changed."), *reh'g denied*, 551 U.S. 465 (2007). The Court recognizes, however, that it should exercise such discretion with restraint. *See, e.g.,* Pike v. Guarino, 492 F.3d 61, 70 (1st Cir.) ("[F]ederal evidentiary hearings ought to be the exception, not the rule."), *cert. denied,* 552 U.S. 1066 (2007). The Court concludes that this is not a case where it can resolve the factual dispute concerning Attorney's Cooper's alleged letter by reference to the state court record, which Respondent produced already. Nor do the parties' many submissions definitely answer this question. The purpose of a limited evidentiary hearing would be to supplement the record on a specific point so as to allow the Court to determine whether extraordinary circumstances prevented Simms from filing a timely federal habeas complaint.

Once the Court finds that an evidentiary hearing is warranted, "the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rules Governing Section 2254 Cases, Rule 8(c) (appointing counsel). Thus, the Court appoints grants Respondent's motion to appoint counsel for Simms, to the extent that counsel will address the limited issue of whether the November 5, 2004 letter is authentic or a forgery.

At the hearing, Counsel should be prepared to produce any pertinent evidence and live testimony concerning the authenticity of the letter in question. If the parties believe additional briefing on this limited issue would be helpful prior to conducting the hearing, they may request

7

supplemental briefing. However, the Court advises that this matter already was thoroughly presented in supplemental briefing.

The Court further advises that if the authenticity of the letter is successfully challenged at the evidentiary hearing, it will issue amended findings and recommendations. The Court emphasizes that the November 5, 2004 letter was key to its conclusion that Simms faced extraordinary circumstances in filing a timely habeas petition. Without the letter to support Simms' contentions, equitable tolling will not apply. Thus, under those circumstances, the Court will recommend that the petition be dismissed for untimeliness.

Should the Court find the letter was authentic, the Court will further address in amended findings and recommendations whether Simms diligently pursued his federal rights based on the evidence already of record. Depending on this finding, the Court may or may not address the merits of Simms' habeas claims.

IT IS THEREFORE ORDERED that Simms' motion for extension of time to file additional briefing [Doc. 47] in response to Respondent's supplemental brief [Doc. 47] is DENIED. No further briefing is necessary at this time.

IT IS FURTHER ORDERED that Respondent's unopposed motion to appoint counsel for Simms [Doc. 32] is GRANTED, in accordance with the limitations described herein.

IT IS FURTHER ORDERED that an evidentiary hearing in this matter will be scheduled approximately thirty (30) days after appointment of counsel.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge